JUDGE ENGELMAYER    14 CV 333



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PLAYBOY ENTERPRISES INTERNATIONAL, INC.,

    Plaintiff,

v.

HEARST COMMUNICATIONS, INC.,

    Defendant.

Civ. Act. No. _____

## Complaint

Plaintiff PLAYBOY ENTERPRISES INTERNATIONAL, INC. ("PEI"), by and through its counsel BRESSLER LAW PLLC, alleges for its Complaint against Defendant HEARST COMMUNICATIONS, INC. ("Hearst"), the following:

### Nature of the Action

1. This is an action to remedy Hearst's willful direct and contributory infringement of copyright rights in and to certain photographic images of fashion model Ms. Kate Moss commissioned by PEI for creation by renowned fashion photographers Mert Alas and Marcus Piggott ("Mert & Marcus") for publication in the 60th anniversary issue of PEI's flagship periodical *Playboy* Magazine. PEI now seeks monetary damages and other relief to remedy such wrongful conduct.

### The Parties

2. PEI is a corporation organized and existing under the laws of the State of Delaware with a place of business at 9346 Civic Center Drive, Suite 200, Beverly Hills, CA 90210. PEI is a premier publisher and entertainment content provider, and owner of one of the most famous and recognized lifestyle brands in the world.

3. Hearst is a corporation organized and existing under the laws of the State of Delaware with an address at 300 W. 57th Street, New York, NY 10019. On information and belief, among many other periodicals, Hearst owns and publishes *Harper's Bazaar* Magazine and the [www.harpersbazaar.com](www.harpersbazaar.com) Internet website (the "Harper's Bazaar Website").

## Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action alleges infringement of U.S. copyright rights pursuant to the copyright laws of the United States, 17 U.S.C. § 101 *et seq*.

5. This Court has personal jurisdiction over Hearst because Hearst does business and/or transacts business in the State of New York.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) because Hearst is subject to personal jurisdiction in this district.

## Background of the Action

7. To commemorate the special occasion of the 60th anniversary of its flagship periodical *Playboy* Magazine, PEI commissioned Mert & Marcus to create photographic images of fashion model Ms. Kate Moss (collectively, the "Images") for inclusion in its January/February 2014 issue (the "60th Anniversary Issue"). The Images feature Ms. Moss fully nude or in varying states of undress and contain the exquisite creative elements and high production values for which Mert & Marcus are known. The Images also celebrate Ms. Moss's 40th birthday and mark her first ever participation in a nude pictorial for PEI over the course of her prolific and extraordinarily successful modeling career spanning more than two decades.

8. PEI released the 60th Anniversary Issue to newsstands on Tuesday, December 10, 2013.

9. Mert & Marcus own all copyright rights in and to the Images, which are the subject of U.S. Copyright Office Preregistration No. PRE000006560, effective August 8, 2013, and the subsequent U.S. copyright application for registration filed on December 2, 2013.

10. Mert & Marcus granted PEI exclusive worldwide copyright rights in and to the Images for all purposes and times relevant to this Complaint.

**Hearst's Wrongful Conduct**

11. On December 3, 2013, Hearst's Harper's Bazaar Website published an entry titled "*See Kate Moss' Full, Fab Playboy Spread*" at uniform resource locator ("URL") http://www.harpersbazaar.com/fashion/fashion-models/kate-moss-playboy-pictures. The entry reproduced, publicly displayed, distributed, transmitted and used without PEI's authorization or consent one non-nude Image of Ms. Moss contained in the 60th Anniversary Issue.

12. The Harper's Bazaar Website entry also included the following text (bold emphasis added):

> Depending on how you see the world, it's a good week to be Kate Moss. The super was bestowed a British Fashion Award for 25 years as an icon and expert poser—and her full *Playboy* spread has just been revealed—and she looks rather fabulous. Lensed by photographer duo Mert & Marcus for the January/February 2014 issue, Moss wears her bunny ears with Saint Laurent pumps on the magazine's 60th anniversary cover—high fashion is always appropriate, even when you're perhaps, less than appropriate. In all seriousness, this spread sets a new bar for men's mags to up the stunning photo ante. **See the rest of the decidedly not safe for work images here.**

A true and complete copy of a printout of the Harper's Bazaar Website page is attached to this Complaint as Exhibit 1.

13. When clicked, the active Internet hyperlink that Hearst embedded at the word "here" in the Harper's Bazaar Website entry led Internet readers to access and view another Internet website page that reproduced, publicly displayed, distributed, transmitted and used without PEI's authorization or consent numerous additional Images of Ms. Moss nude and partially nude that are contained in the 60th Anniversary Issue (the "Entertainment.ie Website Page").  The Entertainment.ie Website Page was published on December 3, 2013 at URL http://entertainment.ie/celebrity-gossip/Save-yourself-a-fiver-Heres-Kate-Moss-NSFW-photos-from-Playboy/232614.htm.

14. The Entertainment.ie Website Page was captioned "*Save yourself a fiver. Here's Kate Moss' NSFW photos from Playboy.*"[1]  It reproduced, publicly displayed, distributed, transmitted and used the Images of Ms. Moss without PEI's authorization or consent, beginning one full week prior to PEI's own release to newsstands of its 60th Anniversary Issue.

15.  The Entertainment.ie Website Page included the following text:

> It's all about saving every penny at this time of year. Every little helps and what not. So instead of having to wait for the latest 60th anniversary issue of Playboy featuring Kate Moss, we present to you Ms. Moss in full below.

A true and complete copy of a printout of the Entertainment.ie Website Page is attached to this Complaint as Exhibit 2.

---

[1] "NSFW" is the common abbreviation for "not safe for work," a warning commonly given by Internet website publishers to a reader who is about to view nudity or other content perhaps inappropriate for viewing in the reader's own work environment.

16. By publishing the Images and encouraging the Internet audience to not buy or wait for the 60th Anniversary Issue, the Entertainment.ie website usurped for itself the commercial and reputational benefits that PEI expected and earned for having commissioned and funded the creation of the Images for release in its 60th Anniversary Issue.

17. Hearst's link to the Entertainment.ie Website Page cannot be justified by any suggestion that Hearst merely was reporting the news of Ms. Moss's appearance in the 60th Anniversary Issue.  To be sure, these remarkable Images have captured broad and favorable attention of the press, winning high praise; indeed, PEI welcomed the media's reporting and discussion of its Images and the occasion of its 60th anniversary.  But Hearst well exceeded the bounds of mere news reporting: rather than simply describe the Images and circumstances of Ms. Moss's participation as many news outlets had done, Hearst intentionally leveraged Entertainment.ie's blatant infringing uses of the Images for Hearst's own benefit to attract and drive Internet visitor traffic to and via the Harper's Bazaar Website.  Among other benefits, attracting and driving Internet traffic bolsters Hearst's website user metrics, which in turn drives Hearst's website advertising rates.

18. Hearst also induced Internet readers to reproduce and use without PEI's authorization or consent the Image that Hearst included on the Harper's Bazaar Website page. Hearst included adjacent that Image "share" and analogous buttons for third party Internet services provided by Facebook, Twitter and Pinterest, which services then further reproduce, publicly display, distribute, transmit, use and enable others' uses of the Image without PEI's authorization or consent.

19.  PEI wrote Hearst on December 19, 2013 in an attempt to resolve PEI's claims amicably.  A true and complete copy of PEI's letter is attached to this Complaint as Exhibit 3.

20. Hearst wrote PEI on December 20, 2013 to deny PEI's claims as "spurious." The same day it received Hearst's response, PEI called and wrote to follow up with Hearst to try again to resolve PEI's claims amicably. A true and complete copy of the parties' e-mail exchange in this regard is attached to this Complaint as <u>Exhibit 4</u>.

21. As of the date of this Complaint, PEI has not received a response from Hearst to PEI's follow-up request.

## FIRST CLAIM FOR RELIEF
### Direct Copyright Infringement

22. PEI repeats and realleges the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

23. On information and belief, Hearst knew that it did not possess any rights to use the Image incorporated into the Harper's Bazaar Website and that its unauthorized use of the Image constituted copyright infringement.

24. On information and belief, Hearst's unauthorized use of such Image was deliberate and willful.

25. Hearst's unauthorized reproduction, public display, distribution, transmission and use of the Image violated PEI's exclusive copyright rights in and to the Image and constitutes direct copyright infringement.

26. In light of Hearst's knowing and willful infringement of PEI's copyright rights in and to the Image, PEI is entitled, at its subsequent election, to seek either actual damages and additional profits, or statutory damages in an amount up to $150,000 per work infringed, pursuant to 17 U.S.C. § 504.

27. PEI also is entitled to recover its reasonable attorneys' fees and costs, which may be awarded pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
### Contributory Copyright Infringement

28. PEI repeats and realleges the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

29. On information and belief, Hearst knew that it did not possess any rights to use the Images.

30. Hearst knew or reasonably should have known that the Entertainment.ie website did not possess any rights to use the Images and that the Entertainment.ie Website Page's uses of the Images were impermissible.

31. Hearst knew or reasonably should have known that readers of its Harper's Bazaar Website would transmit the Images from the Entertainment.ie Website Page and reproduce and store them on their respective personal computers, tablets, mobile devices and other electronic devices, all in violation of PEI's exclusive copyright right in and to the Images.

32. Indeed, Hearst plainly and willfully induced and encouraged Internet readers' infringing conduct by directing its readers to access, view and reproduce the nude and partially nude Images of Ms. Moss published via the Entertainment.ie Website Page by clicking the active Internet hyperlink to that page supplied by Hearst in the Harper's Bazaar Website page.

33.  Having knowingly induced its readers to infringe PEI's exclusive copyright rights, Hearst's wrongful conduct constitutes contributory copyright infringement, which entitles

PEI, at its subsequent election, to seek either actual damages and additional profits, or statutory damages in an amount up to $150,000 per work infringed, pursuant to 17 U.S.C. § 504.

34. PEI also is entitled to recover its reasonable attorneys' fees and costs, which may be awarded pursuant to 17 U.S.C. § 505.

## Prayer for Relief

**WHEREFORE,** Plaintiff respectfully requests that the Court enter an Order:

a. awarding PEI monetary damages in an amount equal to its actual damages and Hearst's additional profits, or statutory damages up to $150,000 per infringed work, as PEI subsequently elects;

b. awarding PEI its reasonable attorneys' fees and costs incurred in connection with pursuing this action; and

c. awarding such other and further relief as the Court deems just and proper.

Dated: January 16, 2014  
       New York, New York

Respectfully submitted,

_____  
Joshua R. Bressler (JB8780)  
Bressler Law PLLC  
3 West 35th Street, 9th Floor  
New York, NY 10001  
Tel: (917) 969-4343  
Fax: (917) 591-7111

*Counsel for Plaintiff*  
*Playboy Enterprises International, Inc.*